**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 18 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSEPH PAUL ZANGHI, JR.,

    Defendant-Appellant.

No. 99-1526

---

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 98-CR-410-N)**

---

Submitted on the briefs:[*]

Susan L. Foreman, Boulder, Colorado, and John M. Richilano, Richilano/Ridley, P.C., Denver, Colorado, for Defendant-Appellant.

Alan Hechtkopf and Gregory Victor Davis, Tax Division, Department of Justice, Washington, D.C., for Plaintiff-Appellee.

---

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause therefore is ordered submitted without oral argument.

Defendant-Appellant Joseph P. Zanghi, Jr., pleaded guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. After granting the government's motion for downward departure, the court sentenced Zanghi to six months' imprisonment, followed by three years of supervised release, the first six months of which were to be in home detention. Zanghi does not challenge his prison term, which he recently completed. Rather, he argues: (1) that the district court failed to consider or make findings allegedly required by 18 U.S.C. § 3583(c) and (d) for the imposition of supervised release and the special condition of home detention; and (2) that the record in this case does not support the imposition of supervised release and home detention. Because the record does not reflect the district court's reason or reasons for imposing a term of supervised release and the special condition of home confinement, we REMAND this case to the district court for further findings regarding its justification for these decisions.

**BACKGROUND**

At the sentencing hearing, the judge indicated that "the Court has considered the presentence report, the recommendations in the presentence report, the statements of counsel, and all other materials that have been filed in this case." Deciding not to take controverted matters into account in deciding

- 2 -

Zanghi's sentence, the judge declined to make findings regarding Zanghi's objections to the presentence report. The judge determined Zanghi's Criminal History Category under the Sentencing Guidelines to be 1 and the base offense level to be 16. The judge then granted Zanghi an adjustment for acceptance of responsibility, reducing the offense level to 13. The judge also granted the government's motion for downward departure based on substantial and timely assistance rendered by Zanghi, bringing the offense level to 10.

The judge noted that under such circumstances it would be possible for Zanghi to receive only probation (i.e., no prison term). However, the judge explained,

> I'm not going to grant probation in this case because I think that is the wrong message to send for this kind of sophisticated white collar crime. I don't think, for purposes of general and specific deterrence, that it is good for it to be known that offenders in the position of Mr. Zanghi receive probation.

The judge then sentenced Zanghi to six months' imprisonment. After inquiring whether the defendant had a preferred location for serving his sentence, the judge ruled that Zanghi was also required to serve a term of three years' supervised release, the first six months of which were to be home detention. The judge made no statement regarding the reasons underlying his decision to order supervised release and home confinement. Zanghi has completed his prison sentence while pursuing this appeal.

# DISCUSSION

## Standard of Review

"We review the district court's application of the guidelines for errors of law, giving due deference to its application of the guidelines to the facts." United States v. Anderson, 940 F.2d 593, 597 (10th Cir.1991). "Conditions of supervised release, as ordered by the district court, are reviewed for abuse of discretion." United States v. Pugliese, 960 F.2d 913, 915 (10th Cir. 1992).

## Analysis

18 U.S.C. § 3583(a) provides that, unless otherwise required by statute, a term of supervised release may be imposed upon a defendant at the discretion of the sentencing judge. 18 U.S.C. § 3583(c) sets forth several factors intended to guide the judge's decision whether to impose supervised release:

> The court, in determining whether to include a term of supervised release, and, if a term of supervised release is to be included, in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).

(emphasis added). The § 3553 factors listed include: the nature and circumstances of the offense and the defendant's history and characteristics; to afford adequate deterrence to criminal conduct; the need "to protect the public from further crimes of the defendant;" the need to provide needed educational, medical, vocational, or correctional resources to the defendant; the sentencing

- 4 -

range specified by the Sentencing Guidelines; relevant policy statements by the Sentencing Commission; and the need to avoid unwanted disparities in sentences. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6).

With regard to imposing special conditions of supervised release not enumerated in the statute, 18 U.S.C. § 3583(d) allows that

> [t]he court may order, as a further condition of supervised release, to the extent that such condition–
> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);
> any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate.

18 U.S.C. § 3563(b)(19) specifically identifies home confinement as a permissible discretionary condition of supervised release. Thus, the district court's imposition of home confinement was proper if it satisfies the criteria listed in § 3583(d), referencing most of the same considerations incorporated by § 3583(c).

The plain language of § 3583(c) and (d) indicates that sentencing judges are to consider the enumerated factors in choosing to impose supervised release and in establishing special conditions of supervised release. What is not clear from the statute, however, is whether and to what extent the judge must reflect these considerations on the record.

The district court's obligation to explain its sentencing decisions on the record stems from 18 U.S.C. § 3553(c), which requires that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." It is not, however, necessary for a sentencing court to make specific factual findings regarding each of the factors enumerated for consideration in § 3583(c) and (d). In similar contexts where reference to the § 3553 criteria is required, we have held that the court may "consider [the factors] en masse," United States v. Burdex, 100 F.3d 882, 886 (10th Cir. 1996), and that the court need not make particularized findings on each item, see United States v. Rose, 185 F.3d 1108, 1111 (10th Cir. 1999) (following United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998)). It would thus be inconsistent with this court's prior treatment of the § 3553 factors to require detailed and specific findings in the contexts of § 3583(c) and (d).

The record must, however, indicate some reason given by the sentencing court for its decisions, or else the requirement of § 3553(c) that a court state its reasons for imposing a particular sentence would be rendered meaningless. Our function as an appellate court in the present case is to determine from the record whether the district court abused its discretion in imposing supervised release and home confinement. But where there is no record of the judge's decisionmaking process, our review loses its appellate character and becomes instead a post hoc

assumption of the district court's responsibilities. Analogously, for this reason we are generally averse to considering on appeal issues not presented to and decided by the court below. See Walker v. Mather, 959 F.2d 894, 896 (10th Cir. 1992) (reiterating "the general rule that a federal appellate court does not consider an issue not passed upon below") (internal quotation marks and citation omitted).

Under similar circumstances, we have held that the record must reflect that the sentencing court has met its burden under § 3553(c). In United States v. Rose, we considered a lower court's apparent failure to consider § 3553(a) factors (as required by 18 U.S.C. § 3584) in deciding whether multiple sentences of imprisonment were to run consecutively or concurrently.[1] See Rose, 185 F.3d at 1110-11. Although not requiring specific findings on each enumerated factor, we held that the sentencing court's failure to give any reason for its decision to impose consecutive sentences fell short of its statutory obligation, and we refused to assume the burden on appeal:

> Although the nature and severity of [the defendant's] violations . . .
> would certainly support the imposition of consecutive terms, without
> any statement at all in the record of the district court's reasoning,
> this court is left in the zone of appellate speculation. As a
> consequence, this court is unable to determine whether the district

---

[1] Section 3584(b) reads: "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."

> court's decision to impose consecutive terms constituted an abuse of discretion.

<u>Id.</u> at 1112-13 (alteration, internal quotation marks, and citation omitted). We then vacated the consecutive sentences and remanded the case to the district court to "state its reasons for imposing a given sentence." <u>See</u> <u>id.</u> at 1113 (quotation marks and citation omitted).

The circumstances in the present case are slightly different than those in <u>Rose</u>, because here the sentencing court did state its reason for imposing a prison sentence. The court failed, however, to give any indication as to why it elected to impose, in addition to the prison term, a three-year term of supervised release when none is required by the statute or why it decided the defendant must serve the first six months of that release in home confinement. We are obligated to review these decisions for abuse of discretion, but there is simply nothing in the record upon which to base our analysis. It is not appropriate simply to assume that the sentencing court's reason for imposing a prison term likewise extends to its decisions regarding supervised release and home confinement, nor is it consistent with our appellate function to do so. Section 3553(c) obligates a sentencing court to justify the "<u>particular</u>" sentence imposed. Here, significant components of the sentence were simply not discussed by the district court. A three-year term of supervised release (where none is statutorily required) and six months of home confinement place significant restrictions on a defendant's

- 8 -

liberty, and it would seemingly frustrate the purpose of § 3553(c) if the district court were not required to offer some reason for their imposition.

In the absence of some stated reason by the sentencing court for these additional burdens, we decline to enter the "zone of appellate speculation" in reviewing for an abuse of discretion. We therefore REMAND to the district court to state some reason for its decisions to impose supervised release and home confinement as required by § 3553(c). It is within the scope of this remand for the district court to consider further the appropriateness of supervised release and home confinement.[2]

---

[2] In light of our decision to remand for further findings, we decline to consider Appellant's alternative argument that the record in this case would not support reasons for the imposition of supervised release and home confinement.