**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT H. SOULE,

    Defendant - Appellant.

No. 22-8001
(D.C. No. 2:06-CR-00166-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Robert Soule challenges a special condition of his supervised release that prohibits him from accessing, possessing, sending, or receiving sexually explicit materials. He argues that the district court abused its discretion by imposing this special condition without making sufficiently particularized findings on the record. We agree and therefore vacate the special condition and remand for further proceedings.

---

    * After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**Background**

In 2006, Soule pleaded guilty to one count of possession of child pornography. The district court sentenced him to 130 months in prison and 15 years of supervised release. As relevant here, the district court imposed a special condition of supervised release that prohibited Soule from "possess[ing], send[ing,] or receiv[ing] any pornographic, sexually oriented, or sexually stimulating visual, auditory, telephonic[,] or electronic signs, signals[,] or sounds from any source, unless part of a treatment regimen." R. vol. 1, 25.

Soule began serving his term of supervised release in November 2015. About one year later, in October 2016, the district court modified Soule's supervised-release conditions by ordering him to report to a six-month residential reentry program after his probation officer determined that he "would benefit from living in an environment where he will not have the temptation of uncontrolled access to the internet and pornography." *Id.* at 33. The probation officer based his determination, in part, on a police report alleging that Soule had attempted to print photographs of "a topless male" and "young males in sexual positions." *Id.* The district court modified Soule's conditions again in May 2020, this time prohibiting Soule from using and possessing alcohol and other intoxicants. And in November 2021, the district court placed Soule on a 60-day alcohol monitoring program. Soule consented to each of these modifications.

From September to November 2021, Soule violated his supervised-release conditions by testing positive for alcohol consumption four times and failing to

report to his probation officer twice. After Soule admitted to these violations, the district court revoked supervised release and sentenced him to a seven-month prison term followed by five years of supervised release. For the supervised-release term, the district court imposed a modified version of the special condition it had previously imposed:

> The [d]efendant shall not access, possess, send, or receive *any* material that depicts sexually explicit conduct as defined under 18 [U.S.C. §] 2256(2)(A) in any format including, but not limited to, images, books, writings, drawings, video games, or visual depiction of such conduct as defined in [§] 2256(5); any material constituting or containing child pornography as defined under [§] 2256(8); or any material constituting or containing the obscene visual representation of sexual abuse of children as defined under [18 U.S.C. §] 1466A.
>
> The [d]efendant shall not visit bulletin boards, chat rooms, or other internet sites where any material referenced above is discussed.

R. vol. 4, 44–45 (emphasis added).[1]

Soule's counsel objected to the modified special condition, arguing that it requires particularized findings and is vague. The district court disagreed and determined that the condition was appropriate in this case based on Soule's state-court convictions for possession of child pornography in 2001; a recommendation from a psychosexual assessment prepared by a licensed clinical social worker in 2003; a Sex Offender Management Program (SOMP) discharge evaluation prepared by the Bureau of Prisons (BOP) in 2015; and the police report that resulted in the

---

[1] The district court made this modification in light of *United States v. Koch*, which addressed a challenge to the same special condition imposed at Soule's initial 2006 sentencing and expressed concern about that condition's "exceedingly broad" language. 978 F.3d 719, 722 n.1 (10th Cir. 2020).

October 2016 modification to Soule's supervised-released conditions. The district court recognized that Soule had since completed a sex-offender treatment program and received individual counseling, which suggested that the condition may no longer be necessary. But without an updated "psychosexual assessment, eliminating any concerns as to [Soule's] viewing and/or possession of pornography, child or adult," the district court remained concerned about the need for the condition "based upon the information that ha[d] been provided." *Id.* at 46. It invited Soule to seek modification of the condition, but only if he first underwent a psychosexual assessment that showed the condition was no longer necessary. Until then, it "would find that th[e] condition is supported by the facts, information, background, history, characteristics, and the assessments that were made." *Id.* at 47.

Soule appeals.

## Analysis

"When a defendant objects to a special condition of supervised release at the time it is announced, we review the imposition of the special condition for abuse of discretion." *United States v. Englehart*, 22 F.4th 1197, 1207 (10th Cir. 2022). "A district court abuses its discretion only where it (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in the evidence to support its ruling." *Id.* (quoting *United States v. A.S.*, 939 F.3d 1063, 1070 (10th Cir. 2019)). Here, Soule argues that the district court abused its discretion by not making the particularized findings required to impose the special condition.

Our precedents make clear that before imposing any special condition of supervised release, the district court "must analyze and generally explain how, with regard to the specific defendant being sentenced, the special condition furthers the three statutory requirements set out in 18 U.S.C. § 3583(d)." *Koch*, 978 F.3d at 725. That is, the district court must analyze and generally explain how the special condition (1) is "reasonably related" to the particular offense at hand, the defendant's history and characteristics, the deterrence of criminal conduct, the public's protection, or the defendant's correctional needs; (2) "involve[s] no greater deprivation of liberty than is reasonably necessary" to deter criminal activity, protect the public, and promote the defendant's rehabilitation; and (3) is consistent with any relevant policy statements from the United States Sentencing Commission. *United States v. Martinez-Torres*, 795 F.3d 1233, 1236 (10th Cir. 2015) (quoting § 3583(d)). "Although we generally are 'not hypertechnical in requiring the court to explain why it imposed a special condition of release—a statement of generalized reasons suffices—the explanation must be sufficient for this court to conduct a proper review.'" *Englehart*, 22 F.4th at 1207 (quoting *Koch*, 978 F.3d at 725).

Moreover, if the special condition "invades a fundamental right or liberty interest," the district court must also "justify the condition with compelling circumstances." *United States v. Burns*, 775 F.3d 1221, 1223 (10th Cir. 2014). For instance, when, as here, the district court imposes a special condition that "implicates constitutional interests, such as the right to possess sexually explicit materials involving adults, more detail may be required if the reasons for the restriction are not

5

matters of common knowledge." *Martinez-Torres*, 795 F.3d at 1238 (citation omitted). Specifically, because this kind of "special condition implicates a fundamental right or interest," the district court must conduct a "meaningful and rigorous analysis" supporting its imposition. *Koch*, 978 F.3d at 726. The district court satisfies this standard if it "(1) make[s] particularized findings that are specific to [the defendant's] history and characteristics, (2) explain[s] how the specific condition furthers the statutory goals of supervised release, and (3) balance[s] those goals against the [constitutional] concerns raised by the condition." *Englehart*, 22 F.4th at 1211.

We agree with Soule that the district court here failed to engage in the meaningful and rigorous analysis required to impose the special condition. To be sure, as the government points out, the district court did reference some evidence that, in its view, justified imposing the special condition, including the similar condition recommended in Soule's 2003 psychosexual assessment; the BOP's 2015 SOMP discharge evaluation; Soule's 2001 state-court convictions for possessing child pornography; and the 2016 police report alleging that Soule had attempted to print sexually explicit photographs of seemingly underage males. Upon referencing that evidence, the district court made a conclusory statement in an apparent attempt to satisfy § 3583(d)(1) that the condition was "supported by the facts, information, background, history, characteristics, and the assessments that were made." R. vol. 4, 47. Then, in an apparent attempt to satisfy § 3583(d)(2), it asserted that the condition "involve[d] no greater deprivation of liberty than [wa]s reasonably necessary for

6

deterring criminal activity, protecting the public, and promoting [Soule's] rehabilitation." *Id.* at 49. But the district court did not "analyze and generally explain *how* . . . the special condition furthers the . . . statutory requirements set out in 18 U.S.C. § 3583(d)."[2] *Koch*, 978 F.3d at 725 (emphasis added).

Simply put, this is not the kind of meaningful and rigorous analysis that our caselaw requires. "[T]he district court 'needed to explain *why* the restriction on legal sexually explicit material was supported by the statutory factors in this case.'" *Englehart*, 22 F.4th at 1209 (quoting *Martinez-Torres*, 795 F.3d at 1238). For example, "[i]f the district court believed that there was some relationship between [Soule's] possession and use of adult pornography and the likelihood that he would engage in sexual misconduct involving [children], the court should have *explained* the basis for that conclusion." *Id.* (emphasis added) (quoting *United States v. Perazza-Mercado*, 553 F.3d 65, 76 (1st Cir. 2009)). Because the district court failed to articulate such a relationship, we cannot assess whether the special condition "satisfies the statutory imperatives set out in [§ 3583(d)], let alone the requirement that any such special condition, given that it implicates a fundamental right, serves a compelling governmental interest." *Koch*, 978 F.3d at 726. Likewise, though the

---

[2] The district court also did not discuss whether the condition "is consistent with any pertinent policy statements issued by the Sentencing Commission." § 3583(d)(3). The government asserts that this is because "[t]here are no pertinent policy statements issued by the Sentencing Commission regarding the imposition of a condition prohibiting possession/access of sexual materials." Aplee. Br. 20. We need not decide whether that is correct because, as explained above, the district court inadequately analyzed the other two statutory requirements, § 3583(d)(1) and (2).

district court stated in a conclusory fashion "that the condition is not overly broad" in light of the statutory goals of supervised release, R. vol. 4, 47, it is at best unclear what "compelling circumstances" overcame the First Amendment concerns implicated by this special condition, *Koch*, 978 F.3d at 724.

The government counters that the district court made sufficiently particularized findings to justify imposing the special condition because the documents the district court alluded to specifically explain why Soule's possession of sexually explicit material presents a risk of reoffending. "Maybe so, but that is not the same as showing that the district court 'set forth, on the record, defendant-specific findings.'" *Englehart*, 22 F.4th at 1211 (quoting *Koch*, 978 F.3d at 726). Perhaps information in the referenced documents justify imposing the condition on Soule. But we have made clear that the district court itself must engage in that meaningful and rigorous analysis. And even if we were to overlook that requirement and accept the explanation supplied in the documents themselves, the district court still needed to "balance any . . . purpose [served by the condition] against [constitutional] concerns," keeping in mind that only "compelling circumstances will overcome those concerns." *Id.* at 1210, 1211. Yet it did not do so here.

For similar reasons, we reject the government's suggestion that we may remedy any inadequacies in the district court's explanation by "infer[ring] the district court's reasoning [from] the record." Aplee. Br. 21. We have unequivocally stated that a "district court is required to give reasons *on the record* for the imposition of special conditions of supervised release." *United States v. Hahn*, 551 F.3d 977, 982

8

(10th Cir. 2008) (emphasis added). And when it fails to do so, "we 'decline to enter the zone of appellate speculation in reviewing for abuse of discretion.'"[3] *United States v. Kravchuk*, 335 F.3d 1147, 1159 (10th Cir. 2003) (quoting *United States v. Zanghi*, 209 F.3d 1201, 1205 (10th Cir. 2000)). Because the district court here did not make the requisite findings on the record, "we will not make those findings in the first instance" on appeal. *Englehart*, 22 F.4th at 1213. We accordingly hold that the district court abused its discretion in imposing the special condition on Soule under these circumstances.[4]

## Conclusion

For these reasons, we vacate the special condition and remand for further proceedings.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] The government asserts that *Martinez-Torres* suggests otherwise. But the portion of that decision the government cites simply discusses two out-of-circuit cases in which appellate courts assessed whether "the district court's reasoning [could] be inferred from the record"; it does not purport to adopt a similar approach for the Tenth Circuit. 795 F.3d at 1239. And to the extent that *Martinez-Torres* elsewhere suggests adoption of such an approach, we adhere to our earlier, settled precedents in which we have declined to speculate on reasons supporting a special condition that the district court itself did not provide on the record. *See United States v. Hansen*, 929 F.3d 1238, 1256 (10th Cir. 2019).

[4] Because this conclusion is sufficient to vacate the special condition, we need not address Soule's alternative argument that the district court also abused its discretion by requiring him to disprove the need for imposing that condition.