**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

**May 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE ROSADO,

    Defendant - Appellant.

No. 23-1294
(D.C. No. 1:23-CR-00019-RMR-1)
(D. Colo.)

———————————————————

**ORDER AND JUDGMENT**<sup>*</sup>
———————————————————

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
———————————————————

This appeal follows Jose Rosado's entry of a guilty plea to one count of being

a felon in possession of a firearm as proscribed by 18 U.S.C. § 922(g)(1). Mr. Rosado

challenges his conviction on grounds that § 922(g)(1) is both facially unconstitutional

and unconstitutional as applied to him under the framework announced in *New York*

*State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Because our

precedent is settled "that *Bruen* did not indisputably and pellucidly abrogate" our

---

<sup>*</sup> After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

precedent confirming the constitutionality of the ban on convicted felons' possession of firearms, we affirm Mr. Rosado's conviction. *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023), *petition for cert. filed* (U.S. Dec. 21, 2023) (No. 23-683).

## I.      BACKGROUND

On January 9, 2023, following a report that an unknown male had threatened a security guard with a firearm, police officers responded to a McDonald's in Denver, Colorado. After obtaining a description of the individual from the security guard, Denver police searched the area adjacent to the restaurant and located an individual matching that description, who would later be identified as Mr. Rosado. Denver police arrested Mr. Rosado and found a 9mm magazine loaded with eight rounds of ammunition in his right front pocket.[1]

On January 12, 2023, the Government, through an information, charged Mr. Rosado with one violation of § 922(g)(1), and on January 17, 2023, a grand jury returned an indictment for the same charge. On April 3, 2023, Mr. Rosado tendered and the district court accepted his guilty plea, and on September 14, 2023, the district court sentenced Mr. Rosado to a term of 130 months' imprisonment followed by three years of supervised release. This timely appeal followed.

---

[1] Upon encountering Mr. Rosado in their patrol vehicle, Denver police saw his right hand dip to his side at which point they heard a metallic "clank." ROA Vol. I at 86. After Mr. Rosado's arrest, the police located a 9mm "privately manufactured firearm" (i.e., a so-called "ghost gun" devoid of any serial number) where they had heard the metallic sound "with a round chambered and three additional rounds in the seated magazine." *Id.* at 87. Mr. Rosado's guilty plea admits only that he possessed the 9mm magazine found in his front pocket.

## II.    ANALYSIS

On appeal, Mr. Rosado asserts both a facial and an as-applied challenge to the constitutionality of § 922(g)(1), arguing that under *Bruen*, that statute cannot withstand Second Amendment scrutiny. Mr. Rosado's as-applied challenge appears to rest on a contention that under *Bruen*, § 922(g)(1) is unconstitutional as applied to persons whose prior felony convictions were for "nonviolent offense[s]." Appellant's Br. at 6 (citing *Range v. Att'y Gen.*, 69 F.4th 96, 105–06 (3d Cir. 2023) (en banc), *petition for cert. filed sub nom. Garland v. Range* (U.S. Oct. 5, 2023) (No. 23-374)).

Mr. Rosado concedes that because he did not raise this argument before the district court, we may review it only for plain error. *See* Fed. R. Crim. P. 52(b). And Mr. Rosado further concedes that he cannot meet that standard because under existing law, any constitutional defect in § 922(g)(1) is not "plain"—that is, neither this court nor the Supreme Court has found that statute unconstitutional in any measure. *See United States v. Koch*, 978 F.3d 719, 726 (10th Cir. 2020) ("In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." (quotation marks omitted)); *Vincent*, 80 F.4th at 1202 (holding that *Bruen* did not abrogate our precedent concluding that § 922(g)(1) was constitutional in *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), and that "[u]nder *McCane*, we have no basis to draw constitutional distinctions based on the type of felony involved"). Mr. Rosado therefore "brings this argument for preservation only." Appellant's Br. at 3.

3

Given Mr. Rosado's concessions and the prevailing law, we affirm his conviction for a violation of § 922(g)(1).

### III.       CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Rosado's conviction.

Entered for the Court

Carolyn B. McHugh
Circuit Judge