**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MONTELITO SANCHEZ SIMPKINS,

    Defendant - Appellant.

No. 22-7048

_____

**Appeal from the United States District Court**
**for the Eastern District of Oklahoma**
**(D.C. No. 6:21-CR-00220-DCJ-1)**

_____

Nicole Dawn Herron, Research and Writing Specialist (Scott Graham, Federal Public Defender; Douglas G. Smith, II, Assistant Federal Public Defender, with her on the briefs), Office of the Federal Public Defender, Muskogee, Oklahoma, for Defendant-Appellant.

Lisa C. Williams, Special Assistant United States Attorney (Christopher J. Wilson, United States Attorney, with her on the brief), Muskogee, Oklahoma, for Plaintiff-Appellee.

_____

Before **MATHESON**, **PHILLIPS**, and **MORITZ**, Circuit Judges.

_____

**MORITZ**, Circuit Judge.

_____

A jury convicted Montelito Simpkins of sexually abusing a minor and engaging in abusive sexual contact in Indian country. On appeal, Simpkins argues

that the government presented insufficient evidence for a reasonable jury to find that he is not an Indian—an essential element of his offenses under the Indian Country Crimes Act, 18 U.S.C. § 1152. The government concedes that it offered no evidence of Simpkins's non-Indian status at trial, yet it argues that he cannot obtain relief because he invited the error by omitting this element from his proposed jury instructions. But we must assess the sufficiency of the evidence against the legal elements of the offenses, not against the elements listed in the jury instructions. Additionally, Simpkins preserved his sufficiency challenge by bringing a general motion for acquittal at trial. And because the evidence was insufficient to prove Simpkins's non-Indian status, we must reverse his convictions and remand for the district court to enter a judgment of acquittal.

**Background**

In August 2021, the government charged Simpkins with sexual abuse of a minor and abusive sexual contact, in violation of 18 U.S.C. §§ 2243(a) and 2244(a)(3). Because the offenses occurred on an Indian reservation, the government indicted Simpkins under 18 U.S.C. § 1152. That statute extends the general laws of the United States to Indian country, yet it applies only if either the victim or the defendant—but not both—is an Indian. *Id.*; *see also United States v. Walker*, 85 F.4th 973, 979 (10th Cir. 2023). The indictment alleged that Simpkins's victims were Indians, but it did not address whether he was non-Indian.

In October 2021, Simpkins proceeded to trial. At the close of the government's case, Simpkins moved for judgment of acquittal under Federal Rule of Criminal

2

Procedure 29(a). Simpkins gave no specific grounds to support his oral motion, and the district court summarily denied it without asking him to elaborate or requesting a response from the government. After testifying in his own defense, Simpkins renewed his general motion for acquittal, which the district court again summarily denied.

The district court then instructed the jury. Relevant here, the jury instructions did not include Simpkins's non-Indian status as an element of either charged offense, an omission that neither party objected to and that was consistent with the parties' proposed instructions. The jury ultimately found Simpkins guilty on both counts. At sentencing, the district court imposed an eight-year prison term and a ten-year term of supervised release. Simpkins appeals.

**Analysis**

Simpkins raises various challenges to his convictions and sentence, but we begin and end with his sufficiency challenge. To convict Simpkins under § 1152, the government needed to prove, among other things, that (1) he is not an Indian and (2) his victims are Indians. *See United States v. Prentiss*, 256 F.3d 971, 980 (10th Cir. 2001) (en banc) (holding that "the Indian/non-Indian statuses of the victim and the defendant are essential elements of [any] crime" prosecuted under § 1152 that the government must prove beyond reasonable doubt), *overruled in part on other grounds by United States v. Cotton*, 535 U.S. 625 (2002). Simpkins argues on appeal that the government offered insufficient evidence to prove his non-Indian status. But

3

before turning to the merits of that argument, we must first consider our standard of review.

## I.      Standard of Review

Simpkins contends that our review is de novo. *See United States v. Johnson*, 821 F.3d 1194, 1201 (10th Cir. 2016) (noting that we review preserved sufficiency challenges de novo). The government, for its part, invokes the invited-error doctrine and urges us not to review Simpkins's sufficiency challenge at all. "The invited-error doctrine prevents a party who induces an erroneous ruling from being able to have it set aside on appeal." *United States v. Jereb*, 882 F.3d 1325, 1338 (10th Cir. 2018) (quoting *United States v. Morrison*, 771 F.3d 687, 694 (10th Cir. 2014)). And according to the government, the doctrine bars Simpkins from challenging the sufficiency of the evidence to establish his non-Indian status because he proposed a jury instruction that omitted this essential element. After all, the government observes, we regularly apply the invited-error doctrine when defendants challenge jury instructions on appeal that they themselves proposed below. *See, e.g.*, *id.* at 1335–41; *United States v. Hunter*, 739 F.3d 492, 493–94 (10th Cir. 2013); *United States v. Sturm*, 673 F.3d 1274, 1280–81 (10th Cir. 2012).

To be sure, the invited-error doctrine could bar Simpkins from challenging the jury instructions on the ground that they failed to identify his non-Indian status as an essential element of the charged crimes. *See Jereb*, 882 F.3d at 1335–41. But a challenge to the sufficiency of the evidence is a separate claim of error that "does not rest on how the jury was instructed." *Musacchio v. United States*, 577 U.S. 237, 243

(2016). Indeed, when faced with a sufficiency challenge, a court asks only "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found *the essential elements of the crime* beyond a reasonable doubt." *Id.* (second emphasis added) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In other words, the court "must decide whether there was sufficient evidence presented at trial for a reasonable jury, *properly instructed*, to have found [the essential elements of the crime] beyond a reasonable doubt." *United States v. Wyatt*, 964 F.3d 947, 951 (10th Cir. 2020) (emphasis added). The reason for this standard is simple: "allow[ing] a conviction to stand where the defendant's conduct 'fails to come within the statutory definition of the crime,' or despite insufficient evidence to support it, would violate the Due Process Clause." *United States v. Hillie*, 14 F.4th 677, 683 (D.C. Cir. 2021) (quoting *Griffin v. United States*, 502 U.S. 46, 59 (1991)). Because a court must assess a sufficiency challenge against the legal elements of the crime, not against the elements listed in the jury instructions, Simpkins did not "induce[] the [district] court to rely on a particular erroneous proposition of law" by offering a jury instruction that omitted an element. *Jereb*, 882 F.3d at 1338 (quoting *Morrison*, 771 F.3d at 694). So any error in the jury instructions does not affect our sufficiency review—even if Simpkins invited the instructional error.

Resisting this conclusion, the government urged us at oral argument to disregard the relevant language in *Musacchio* as dicta. Indeed, *Musacchio* directly addressed only "how a court should assess a sufficiency challenge when a jury instruction *adds* an element to the charged crime and the [g]overnment fails to

5

object," holding that such a challenge "should be assessed against the elements of the charged crime." 577 U.S. at 243 (emphasis added). Here, by contrast, the jury instructions *omitted* an essential element, and the government says Simpkins invited that error.[1] But we see no reason why a different result should follow here. As in *Musacchio*, assessing Simpkins's sufficiency challenge against the legal elements of the charged crimes "flows from the nature of a court's task in evaluating a sufficiency-of-the-evidence challenge." *Id.*; *cf. also Wyatt*, 964 F.3d at 950–52 (measuring sufficiency against legal elements of crime where jury instructions omitted essential element, although defendant did not invite that instructional error). We also consider ourselves "bound by Supreme Court dicta almost as firmly as by the Court[']s[] outright holdings, particularly when the dicta is recent and not enfeebled by later statements" and when it "squarely relates to the holding[] itself." *Schell v. Chief Just. & Justs. of Okla. Sup. Ct.*, 11 F.4th 1178, 1191 (10th Cir. 2021) (alterations in original) (quoting *Bonidy v. U.S. Postal Serv.*, 790 F.3d 1121, 1125 (10th Cir. 2015)). We therefore reject the government's argument that the invited-error doctrine bars Simpkins's sufficiency challenge.

The government next contends that even if the invited-error doctrine does not apply, we should review Simpkins's sufficiency challenge only for plain error.[2] *See*

---

[1] We pause to note that the government is at least as much at fault for this instructional error. Neither party's proposed instructions included the essential element of Simpkins's non-Indian status, and at no point did the government alert the district court of that omission.

[2] We reject the government's cursory suggestion that Simpkins's appellate "argument is simply an attack on the failure to properly allege the elements of the

*United States v. Cooper*, 654 F.3d 1104, 1117 (10th Cir. 2011) (explaining that plain-error standard "governs our review of . . . forfeited [sufficiency] claims"). Repackaging its invited-error argument, the government asserts that Simpkins forfeited his sufficiency challenge because his two motions for acquittal "were predicated on . . . the jury instruction [he] proposed," which omitted the element of his non-Indian status. Aplee. Br. 26. But neither motion specifically attacked the sufficiency of the evidence on the elements listed in the proposed instruction. Both motions were general, asserting only that Simpkins moved for judgment of acquittal under Rule 29. And we have held that "a general motion for acquittal that does not identify a specific point of attack" challenges "the sufficiency of each essential element of the government's case." *Cooper*, 654 F.3d at 1117 (quoting *United States v. Kelly*, 535 F.3d 1229, 1234–35 (10th Cir. 2008)). Simpkins therefore preserved his sufficiency challenge to the essential element of his non-Indian status.

Our decision in *United States v. Ramos-Arenas*, 596 F.3d 783 (10th Cir. 2010), a case the government invokes, does not suggest otherwise. There, the defendant forfeited his sufficiency challenge because (unlike Simpkins) he twice moved for acquittal on *specific* grounds and then advanced a different ground on appeal, arguing for the first time that "intent to defraud" was an implicit element of his false-

___

offense[s]" in the indictment and is therefore subject to plain-error review. Aplee. Br. 24; *see also United States v. Langford*, 641 F.3d 1195, 1196 (10th Cir. 2011) ("The failure of an indictment to allege th[e] essential element [under § 1152 of a defendant's Indian or non-Indian status], when raised for the first time on appeal, is reviewed for plain error."). Plainly, Simpkins is not attacking the indictment—he challenges the sufficiency of the evidence to support his convictions.

impersonation offense that the government failed to prove. *Id.* at 786. And when a defendant moves for acquittal "on specific grounds, all grounds not specified in the motion are [forfeited]." *Id.* (quoting *United States v. Kimler*, 335 F.3d 1132, 1141 (10th Cir. 2003)). To be sure, in addressing whether the defendant preserved his sufficiency challenge, we noted that he had requested and received a jury instruction that did not include an intent element. *See id.* But we did not conclude that he forfeited his sufficiency challenge for this reason; rather, we held that the plain-error standard applied because his specific motions for acquittal did not "challenge the lack of intent evidence."[3] *Id.*

In short, our caselaw makes clear that Simpkins's general motions for acquittal preserved a sufficiency challenge to each essential element of the government's case, including his non-Indian status. That Simpkins proposed a jury instruction omitting this essential element did not transform his general motions into specific ones. Thus, we review Simpkins's sufficiency challenge de novo, and not for plain error. *See Cooper*, 654 F.3d at 1117.

---

[3] The government fares no better by citing *United States v. Haggerty*, 997 F.3d 292 (5th Cir. 2021). There, a defendant convicted of a crime under § 1152 challenged the sufficiency of the evidence to prove his non-Indian status, but it was an open question in the Fifth Circuit at that time whether a defendant's Indian or non-Indian status was an essential element of a § 1152 offense. *Id.* at 296. So although the defendant had preserved a general sufficiency challenge, the Fifth Circuit was "skeptical that [it] c[ould] apply anything but plain[-]error review" to the underlying legal argument, made for the first time on appeal, that the offense "contain[ed] an additional element that ha[d] yet to be recognized in th[e] circuit." *Id.* In this circuit, by contrast, we held en banc over two decades ago that a defendant's Indian or non-Indian status is an essential element of any offense charged under § 1152. *See Prentiss*, 256 F.3d at 980. So *Haggerty*'s skepticism simply has no relevance here.

## II.     Merits

Turning to the merits of Simpkins's sufficiency argument, he contends that the evidence was insufficient to prove that he is not an Indian, an essential element of both charged crimes under § 1152. *See Prentiss*, 256 F.3d at 980. We will look at the evidence in the light most favorable to the government and ask whether "*any* rational trier of fact could have found th[at] essential element[] . . . beyond a reasonable doubt." *Musacchio*, 577 U.S. at 243 (quoting *Jackson*, 443 U.S. at 319).

Although the statute does not define "Indian," we have held that a person qualifies as an Indian under § 1152 if they have "some Indian blood" and are "recognized as an Indian by a tribe or by the federal government." *Walker*, 85 F.4th at 982 (quoting *United States v. Diaz*, 679 F.3d 1183, 1187 (10th Cir. 2012)). "A person satisfies the definition only if both parts are met; conversely[,] the government can prove that a person is not Indian by showing that he fails either prong." *Diaz*, 679 F.3d at 1187. Here, the government concedes that it failed to prove Simpkins is not an Indian. Indeed, the government completely overlooked this element and introduced *no* evidence of Simpkins's non-Indian status at trial. Because the evidence was insufficient to prove this essential element, we must reverse Simpkins's convictions.[4]

---

[4] Given this conclusion, we need not address Simpkins's alternative argument that the evidence was insufficient to prove his victims' Indian status. Nor do we consider his challenge to the jury instructions, his argument that the district court violated the Federal Rules of Evidence and his Sixth Amendment right to confrontation, or his argument that the district court imposed a substantively unreasonable sentence.

**Conclusion**

The invited-error doctrine does not bar Simpkins's sufficiency challenge, which he properly preserved by bringing a general motion for acquittal at trial. Reviewing de novo, we conclude that the government failed to present any evidence, much less sufficient evidence, for a rational jury to find beyond a reasonable doubt that Simpkins is not an Indian. Because his non-Indian status is an essential element of the charged § 1152 offenses, we must reverse Simpkins's convictions and remand for the district court to enter a judgment of acquittal.