FILED
United States Court of Appeals
Tenth Circuit

March 25, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARREL DEAN GUINN,

    Defendant - Appellant.

No. 24-5055
(D.C. No. 4:22-CR-00201-DDC-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Darrel Dean Guinn appeals his convictions for aggravated sexual abuse of a minor under twelve and abusive sexual contact of a minor in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), and 2244(a)(3). He also challenges a special condition of his supervised release prohibiting the possession or enjoyment of sexually explicit material. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

In 2021, Guinn was living with his ex-wife, Megan Locke, their two teenaged daughters, Z.G. and L.G., and Locke's 11-year-old daughter, K.L. One evening, K.L. confided in her older sister L.G. that Guinn was doing sexual things to her that made her feel uncomfortable. L.G. related this information to their mother, who took K.L. to the emergency room to be examined by a healthcare professional. At the hospital, K.L. was examined by a sexual assault nurse examiner (SANE). After interviewing Ms. Locke and K.L. and conducting what is known as a SANE exam, the nurse called the police.

Guinn was subsequently charged with four counts of sexual misconduct. Only counts one and three are relevant on appeal.[1] Count one charged Guinn with knowingly engaging in or attempting to engage in a "sexual act" with K.L., a child who had not attained the age of 12, in violation of 18 U.S.C. §§ 1151, 1153, and 2241(c). Count three alleged that he knowingly engaged in and caused "sexual contact" with L.G. in violation of 18 U.S.C. § 2244(a)(3). That provision criminalizes sexual contact with a child who has attained the age of 12, but not 16 years, and who is at least four years younger than the perpetrator. *See id.* (cross-referencing 18 U.S.C. § 2243(a)).

---

[1] Counts two and four charged Guinn with coercion and enticement under 18 U.S.C. § 2422(b). Based on the government's concession, the district court entered a judgment of acquittal as to those counts on procedural grounds.

Guinn was convicted after a jury trial and sentenced to 384 months' incarceration, followed by a lifetime term of supervised release. In addition to the standard conditions of supervision, the district court imposed numerous special sex offender conditions, including Special Condition 1(4), prohibiting the possession or viewing of material depicting "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2). *See* R. vol. 1 at 540.

On appeal, Guinn challenges both his convictions and the district court's imposition of Special Condition 1(4). With respect to count one, he argues the prosecution failed to prove he engaged in the requisite sex act with K.L. Guinn maintains that K.L.'s trial testimony was coached, and that without it, the evidence was insufficient to support a conviction. With respect to count three, he argues that L.G.'s testimony was too vague to prove he touched her with the requisite intent. Finally, Guinn claims the district court erred in imposing Special Condition 1(4) because it failed to make particularized findings justifying the special condition with compelling reasons.

## Discussion

### I.    Sufficiency of the Evidence

#### a. Standard of Review

"We review the sufficiency of the evidence de novo. This review is highly deferential, meaning we consider the evidence and make reasonable inferences in the light most favorable to the Government." *United States v. Burtrum*, 21 F.4th 680, 685-86 (10th Cir. 2021) (internal quotation marks and citation omitted). As a

reviewing court, "we defer to the jury's assessment of a witness's credibility." *United States v. Flechs*, 98 F.4th 1235, 1243 (10th Cir.), *cert. denied*, 145 S. Ct. 310 (2024). This court will not second-guess the jury's fact-finding decisions or weigh conflicting evidence. *Id.*

### b. Count One

Count one charged Guinn with committing a sexual act against K.L. in violation of 18 U.S.C. § 2241(c). The parties agree that to convict, the Government had to prove (1) that Guinn knowingly engaged in a sexual act with K.L.; (2) at the time of the sexual act, K.L. had not attained the age of 12 years; (3) that Guinn is Indian; and (4) that the offense occurred within Indian country. Only the first element is at issue on appeal. Guinn argues the government failed to prove he committed a sexual act.

The term "sexual act" is defined in 18 U.S.C. § 2246(2). As relevant here, such an act is characterized by direct contact between the penis, mouth, or finger of the perpetrator and the genitalia of the child victim. At trial, K.L. testified that Guinn did several things to her that meet the definition of sexual act. Specifically, K.L. testified that Guinn put his "balls" in her. R. vol. 3 at 165. When asked what a man does with "his balls," K.L. replied that "[h]e pees" with them. *Id.* And when she was asked what part of her body was invaded by Guinn's "balls," K.L. responded he put them in her "no-no square," which she described as the part of the body she "pee[s] out of." *Id.* at 165-66. K.L. also testified that on another occasion, Guinn put his fingers in her "butterfly," another word for her "no-no square." *Id.* at 167. During

4

this same encounter, Guinn touched K.L.'s nipples under her clothes.  Finally, K.L.

testified to a third incident in which Guinn "put his face between [her] no-no square."

*Id.* at 168.  K.L. stated, "[h]e licked it and then put his balls in me."  *Id.* at 169.  K.L.

testified that after this incident, it hurt her to use the restroom.  We conclude a

reasonable jury could infer from this evidence that Guinn committed a sexual act as

defined in § 2246(2).  *See Burtrum*, 21 F.4th at 687 (upholding conviction for sexual

abuse where child victim testified the defendant "touched his 'bad spots' that were

'by his butt'" (brackets omitted)).

Guinn does not deny these descriptions meet the definition of a sexual act but

argues K.L.'s testimony cannot be believed because her use of sophisticated language

during other parts of her testimony prove she was coached.  Specifically, Guinn

points to several instances during K.L.'s examination when she used the term "rape"

and then, upon further questioning, admitted that she did not understand what that

word meant.[2]  According to Guinn, these instances, combined with testimony from

family members that K.L.'s godmother explained to her what it meant to be raped,

show that K.L. was coached by her family to falsely testify against him.

We reject this argument for the same reason given by the district court in its

order denying Guinn's motion for judgment of acquittal.  It was a perfectly

---

[2] In one such exchange, the prosecution asked K.L., "[d]id anything ever
happen with [Guinn] that made you feel uncomfortable?"  R. vol. 3 at 163.  K.L.
answered, "yes . . . [h]e rapes me."  *Id.*  The prosecution responded, "Okay.  And can
you tell me about that?"  *Id.*  K.L. answered, "I don't really know a whole lot about
it."  *Id.*

5

reasonable argument to make to the jury, "[b]ut just as surely, it was rational for the jury to reject [it]. . . . Its verdict reflects that it did so."  R. vol. 1 at 529.  True, K.L.'s testimony included sophisticated terminology that she probably did not understand.  But Guinn's argument ignores that she also described his conduct in the plain childlike language that we reproduced above.  It was the province of the jury to assess K.L.'s credibility and consider her testimony as a whole, along with the other admitted evidence, in deciding whether a sexual act occurred.  We will not second guess the jury's credibility determination or the findings and reasonable inferences that it drew from K.L's testimony.  *See Flechs*, 98 F.4th at 1243 ("[W]e defer to the jury's assessment of a witness's credibility.").

Furthermore, as the government points out, K.L.'s testimony did not stand alone but was supported by corroborating evidence.  *See United States v. Goldesberry*, 128 F.4th 1183, 1192 (10th Cir. 2025) (in reviewing sufficiency challenge, "we do not examine the evidence in bits and pieces, but instead consider the collective inferences to be drawn from the evidence as a whole" (internal quotation marks, citation, and brackets omitted)).  In this case, K.L.'s testimony was bolstered by both her sister, L.G., and the SANE nurse, both of whom testified that in their conversations with K.L., she described Guinn's conduct in ways consistent with her trial testimony.

Against this testimony, Guinn points to the SANE exam, which did not yield any physical evidence of sexual assault.  But the absence of physical evidence is not enough to overturn the jury's verdict in this case.  In reviewing whether the evidence

6

was sufficient to support the conviction, the question "is not whether a reasonable jury could possibly conceive of an alternative interpretation of the evidence at trial. It is whether a rational trier of act could have found the elements beyond a reasonable doubt." *Burtrum*, 21 F.4th at 686 (internal quotation marks and citation omitted). Taking all reasonable inferences in favor of the government, we conclude the evidence was sufficient to support the conviction under § 2241(c).

### c.  Count Three

Count three charged Guinn with engaging in sexual contact with his daughter L.G. in violation of 18 U.S.C. § 2244(a)(3).  Similar to count one, the only issue on appeal is whether the evidence was sufficient to show "sexual contact" as that term is defined in the statute.[3]  Sexual contact is the "intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the

---

[3] The government contends that plain-error review governs Guinn's sufficiency challenge to count three because his written motion for judgment of acquittal in the district court attacked count three on specific grounds that he has since abandoned.  In that motion, Guinn argued that sexual contact requires penetration of the victim, something he no longer claims.  Guinn acknowledges the inconsistency between his district court and appellate briefing but notes that he also made an oral motion for judgment of acquittal that raised a more general challenge.  Ordinarily, "when a defendant moves for acquittal on specific grounds, all grounds not specified in the motion are forfeited." *United States v. Simpkins*, 90 F.4th 1312, 1317 (10th Cir. 2024) (internal quotation marks and brackets omitted).  But we have also held that "a general motion for acquittal that does not identify a specific point of attack challenges the sufficiency of each essential element of the government's case." *Id.* (internal quotation marks omitted).  We need not decide the standard-of-review issue here because we conclude that whether reviewed de novo or for plain error, the evidence was sufficient to support a conviction on count three.

sexual desire of any person." *Id.* § 2246(3). The gravamen of this offense is contact. *United States v. Norman T.*, 129 F.3d 1099, 1103 (10th Cir. 1997). And as the statute makes clear, that contact can occur "either directly or through the clothing[] of the victim." *United States v. Hayward*, 359 F.3d 631, 641 (3rd Cir. 2004) (internal quotation marks and emphasis omitted); *see also United States v. Gallardo*, 970 F.3d 1042, 1045 (8th Cir. 2020) (upholding sexual contact conviction where touching occurred through clothing).

Guinn's conviction is based on an instance of him touching 14-year-old L.G.'s buttocks through her clothing. Specifically, L.G. testified that Guinn entered the room where she was watching a movie and "humped [her] backside." R. vol. 3 at 195-96. In response to clarifying questions, she explained that Guinn "pressed his lower half against [her] rear." *Id.* at 196. L.G. further explained that "lower half" referred to the part of Guinn's body used for "going to the bathroom." *Id.* According to her testimony, Guinn pressed that part of his anatomy against her "bum." *Id.* The government's attorney asked L.G. to explain what the term "humping" means: "Do you remember what sort of motion he was making with his body?" *Id.* at 199. L.G. answered, "It was like back and forth." *Id.* at 200.

Guinn claims this testimony was insufficient to establish that he touched L.G. with the requisite sexual intent. He points out that L.G. did not say he pressed his *penis* against her and he argues generally that her testimony was too vague to support a conviction. We disagree. First, the definition of sexual contact specifies where the *victim* must be touched; it does not specify that a particular part of the defendant's

8

body must do the touching. Second, L.G.'s testimony describing Guinn's "lower half" plainly inferred that she felt his penis touching her backside. Third, and perhaps most importantly, L.G. did not merely testify that Guinn touched her; she said he "humped" her. And on further examination, she expressed an understanding of that term. In short, "the contact alleged [was] so clearly sexual that a jury [could] infer the defendant's intent." *Gallardo*, 970 F.3d at 1045 (internal quotation marks omitted). Also, the humping incident was not the sum of L.G.'s testimony. She also testified that on another occasion, Guinn asked her to "have intercourse" with him, R. vol. 3 at 197, and generally made her feel uncomfortable with sexual comments. Taking all reasonable interpretations of the evidence in the government's favor, we conclude it was sufficient to support a conviction on count three.

## II.    Special Condition 1(4)

After his prison term, Guinn will be placed on supervised release and will have to comply with numerous conditions, including Special Condition 1(4), which bans material "depicting or describing sexually explicit conduct." R. vol. 1 at 540. At sentencing, the district court explained this condition will preclude Guinn "from viewing even adult pornography or patronizing adult pornography business[es]." R. vol. 3 at 514. The court found the condition necessary "[b]ased on the offenses [Guinn] committed," and because "it is often impractical to differentiate between teenaged children and adults in sexually oriented materials, and pornography often depicts and glorifies violent sexual behavior." *Id.* at 513, 514. Guinn asks us to vacate this condition based on procedural error, arguing the district court failed to

9

engage in the particularized analysis mandated by 18 U.S.C. § 3583(d) and imposed the condition without providing any compelling, case-specific reasons. As Guinn concedes, because he failed to object to Special Condition 1(4) at sentencing, we review this issue for plain error. *United States v. Koch*, 978 F.3d 719, 724 (10th Cir. 2020). "[W]e will reverse only if there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Individuals enjoy a fundamental right protected by the First Amendment to possess sexually explicit materials involving adults. *Id.* Accordingly, before a court may impose a special condition infringing on that right, it must set forth, on the record, defendant-specific findings that show a compelling interest. *Id.* at 725; *United States v. Englehart*, 22 F.4th 1197, 1207-08 (10th Cir. 2022). The government acknowledges that the district court's terse explanation for imposing Special Condition 1(4) "likely" failed to meet this standard. Appellee's Br. at 27-28. And it further concedes that under this court's caselaw, "the district court's error in failing to connect Mr. Guinn's background and the special condition to the statutory factors in § 3583(d) was likely plain." *Id.* at 28. We therefore focus our attention on the last two prongs of the plain-error analysis, whether the court's error affected Guinn's substantial rights and its impact on the fairness, integrity, and public reputation of the proceedings.

"For an error to affect substantial rights, it must be prejudicial, meaning it generally must have affected the outcome of the district court proceedings."

10

*United States v. Chatwin*, 60 F.4th 604, 607 (10th Cir. 2023) (internal quotation marks omitted). In a case like this, the error was prejudicial "if there is a reasonable probability the district court would not have imposed the special condition if it had undertaken the required analysis." *Koch*, 978 F.3d at 729. The prejudice question turns on whether the record reveals a basis for the special condition. If it does, then "there is no reasonable probability that but for the error the defendant's sentence would be different[,] and thus the proceeding's fairness was not impacted." *Id.* (internal quotation marks omitted); *see United States v. Henry*, 979 F.3d 1265, 1270 (10th Cir. 2020) (same).

Several courts have upheld adult pornography bans in cases involving child pornography. *See United States v. Mike*, 632 F.3d 686, 700 n.9 (10th Cir. 2011) (citing cases). In fact, this court recently upheld a special condition like the one at issue here, citing the defendant's use of adult pornography in grooming his child victims. *See United States v. Rosas*, No. 23-2085, 2024 WL 3813215, at *3 (10th Cir. Aug. 14, 2024) (unpublished).[4] There is no evidence the victims in this case were forced to watch adult pornography. But there is evidence of sexually deviant behavior linked to pornography in Guinn's past. At the trial, his younger sister testified that Guinn sexually abused her as a child and that, while doing so, he forced her to watch adult pornography. *See, e.g.,* R. vol. 3 at 302 ("I remember

---

[4] "Although unpublished decisions from this court are not precedential, we may rely on them to the extent their reasoning is persuasive." *United States v. Garcia*, 74 F.4th 1073, 1101 n.15 (10th Cir. 2023).

watching pornography in his bedroom and him—and he did attempt to get me to do a couple of things on the video like use my mouth.").  This evidence demonstrates both a history of grooming with adult pornography and that Guinn consumed pornography in adolescence, normalizing sexual behavior at around the same age as the youngest victim in this case.  *See Rosas*, 2024 WL 3813215, at \*4 (holding defendant's consumption of adult pornography at young age provided additional justification for special condition).

"Under plain error review, we may vacate special conditions of supervised release only if the record reveals *no* basis for the conditions."  *Koch*, 978 F.3d at 729 (emphasis added) (internal quotation marks omitted).  The record in this case, although not overwhelming, did provide such a basis.  Guinn was convicted of two sexual offenses, and the district court heard testimony from both of his sisters that he engaged in sexually deviant behavior with them as children.  One of his sisters testified that Guinn groomed her with adult pornography when she was a child.  It is no leap to conclude from this evidence that sexually explicit material negatively impacts Guinn in a way that could benefit from correctional treatment.  Accordingly, we conclude there is no reasonable probability the district court would have forgone Special Condition 1(4) had it undertaken the proper analysis.  Because Guinn's arguments do not undermine our confidence in the outcome of his sentencing proceeding, he fails at step three of plain-error review.  *See United States v. Booker*, 63 F.4th 1254, 1262 (10th Cir. 2023) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome." (internal quotation marks

omitted)).  This failure obviates the need to engage in step four of the analysis.

*United States v. Perez-Perez*, 992 F.3d 970, 980 (10th Cir. 2021); *United States v. Trujillo*, 960 F.3d 1196, 1208 (10th Cir. 2020).

The judgment of the district court is affirmed.

Entered for the Court


Gregory A. Phillips
Circuit Judge