FILED
United States Court of Appeals
Tenth Circuit

September 30, 2025

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TOM TSO,

    Defendant - Appellant.

No. 24-2081

_____

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 1:22-CR-01858-KWR-1)**
_____

Amanda Skinner, Assistant Federal Public Defender (Margaret A. Katze, Federal Public Defender, with her on the briefs), Las Cruces, New Mexico, for Defendant-Appellant.

Margaret P. Tomlinson, Assistant United States Attorney (Alexander M.M. Uballez, United States Attorney, and Alexander F. Flores, on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.
_____

Before **TYMKOVICH**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

**FEDERICO**, Circuit Judge.
_____

This appeal concerns whether a defendant can be charged and convicted of a crime that was alleged to have been committed more than

twenty years in the past. In January 2024, Tom Tso entered a guilty plea to abusive sexual contact of a minor in Indian Country – conduct that ended in the year 2000, per the charge. Prior to entering a guilty plea, Tso moved to dismiss the superseding indictment, arguing the prosecution violated the statute of limitations. The district court denied the motion, finding that the superseding indictment was not barred by the statute of limitations, which led to Tso's conditional guilty plea and conviction.

In this appeal, we must review and consider the applicability of the extended statute of limitations for sexual offenses against a child under the age of 18 years contained in 18 U.S.C. § 3283. We agree with the district court that the statute of limitations had not expired and that the case brought against Tso was not time-barred. Thus, exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

In 2021, Jane Doe reported to the Federal Bureau of Investigation that when she was under eighteen years of age, Tso sexually abused her while she was asleep on the couch in his living room. The sexual abuse occurred between August 1998 and October 2000 in the Navajo Nation and

within the District of New Mexico.[1] Doe noted that she had previously reported the sexual abuse to a therapist at a rape crisis center, and no action was taken. She reported that she was approximately 15 or 16 when the sexual abuse occurred.

In May 2023, Tso was charged in a superseding indictment with sexual abuse in Indian Country, in violation of 18 U.S.C. §§ 1153, 2242(2)(B), and 2246(2)(C).[2] Tso filed several pretrial motions attacking the legality of the prosecution against him. Relevant to this appeal, Tso moved to dismiss the superseding indictment as time-barred by the statute of limitations and thereby challenged the applicability of the extended statute of limitations for sexual offenses against a child under the age of 18 years.

Under 18 U.S.C. § 3283, "[n]o statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or

---

[1] Tso does not challenge on appeal that he is an enrolled member of the Navajo Nation or that the sexual abuse occurred in Indian Country within the District of New Mexico. *See* 18 U.S.C. § 1152; *United States v. Simpkins*, 90 F.4th 1312, 1314 (10th Cir. 2024) ("[18 U.S.C. § 1152] extends the general laws of the United States to Indian [C]ountry, yet it applies only if either the victim or the defendant—but not both—is an Indian.").

[2] Tso was initially indicted by a grand jury on November 9, 2022. On April 7, 2023, he filed a motion to dismiss the indictment. Before the district court ruled on the motion, the Government filed a superseding indictment on May 9, 2023, adding the phrase "a child under the age of 18 years[.]" R. I at 19.

physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child, or for ten years after the offense, whichever is longer." Tso argued that the district court should apply the categorical approach[3] to find that his offense of conviction did not "necessarily entail" the abuse of a minor. Op. Br. at 6. And so, he argued, the five-year statute of limitations for noncapital offenses, under 18 U.S.C. § 3282, applied and that the applicable statute of limitations had expired before the Government indicted him. In June 2023, the district court found that the categorical approach was not applicable to its analysis, denied the motion, and thus permitted the prosecution to move forward because the charge was not time-barred.

---

[3] As will be discussed, the categorical approach is an elements-based analysis that has thus far been "confined to the post-conviction contexts of criminal sentencing and immigration deportation cases." W*eingarten v. United States*, 865 F.3d 48, 59 (2d Cir. 2017); *see also United States v. Titties*, 852 F.3d 1257, 1265 (10th Cir. 2017). Under the categorical approach, a court looks "only to the fact of conviction and the statutory definition of the prior offense, . . . without inquiring into the specific conduct of this particular offender." *United States v. Serafin*, 562 F.3d 1105, 1107–08 (10th Cir. 2009) (internal quotation marks omitted).

In January 2024, Tso entered a conditional guilty plea[4] to a one-count information charging him with a lesser offense – abusive sexual contact in Indian Country, in violation of 18 U.S.C. §§ 1153, 2244(a)(2),[5] and 2246(3) – and thereafter was sentenced to three years of imprisonment. On appeal, Tso solely contests the district court's denial of his motion to dismiss the superseding indictment,[6] wherein he argued that § 3283's extended statute of limitations does not apply to his case so he could not be prosecuted for the offense charged.

---

[4] Under Federal Rule of Criminal Procedure 11(a)(2), "a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea."

[5] The parties both note that the information improperly referenced 18 U.S.C. § 2244(a)(5) rather than § 2244(a)(2). The plea agreement and judgment, however, properly reference § 2244(a)(2) as the relevant statute of conviction. Tso does not raise any arguments on appeal pertaining to this typographical error, and we do not find that this raises any issues that must be addressed in this appeal.

[6] In the plea agreement, Tso reserved his right to appeal matters addressed in the district court's June 2023 order on any grounds that he had previously argued. We note, however, that Tso is challenging the denial of a motion to dismiss the superseding indictment when he instead pleaded guilty to a single count charged by information. Because we affirm the district court's denial of the motion, we do not need to analyze this potential issue further.

**II**

Tso raises one multi-faceted issue on appeal: "should [we] vacate Tso's guilty plea and conviction because the applicable statute of limitations expired before the Government indicted him?" Op. Br. at 5. To answer that question, we must necessarily examine whether the categorical approach or a case-specific analysis applies when determining whether the § 3283's statute of limitations applies to a charge under §§ 2242 and 2244.

We review de novo a challenge to the statute of limitations and the district court's "interpretation and application" of the statute of limitations. *United States v. Piette*, 45 F.4th 1142, 1159 (10th Cir. 2022); *see also generally United States v. Berres*, 777 F.3d 1083, 1089 (10th Cir. 2015) (this court reviews statutory interpretation issues de novo). In applying the de novo standard of review, we acknowledge that the question before us has not yet been answered in a published opinion in this circuit.

Two points explain and narrow the scope of this appeal. First, the parties agree that the general statute of limitations for noncapital offenses is five years. 18 U.S.C. § 3282(a). That is, if the § 3283 extended statute of limitations does not apply, then the charges against Tso would be time-barred because he wasn't charged within the five-year time frame of the § 3282 general statute of limitations.

6

Second, Tso does not challenge the retroactive application of § 3283's extended statute of limitations. *See Piette*, 45 F.4th at 1162 (holding that as a matter of first impression, § 3283's statute of limitations did not have an impermissible retroactive effect because the relevant charging period had not yet expired). So, if we were to find that the § 3283 extended statute of limitations applies, then Tso does not argue that there was an improper retroactive effect against him.

For reasons explained below, we hold that the § 3283 extended statute of limitations applies in this case. But first, because it is central to Tso's argument, we begin with a brief discussion of the categorical approach. We then explain why and how we reach our conclusion about the applicability of § 3283.

**A**

Federal courts have used the categorical approach in criminal and immigration cases to have a standardized method of classifying prior convictions for sentencing enhancements or deportation purposes. *See Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013); *Mathis v. United States*, 579 U.S. 500, 504 (2016); *United States v. Harris*, 844 F.3d 1260, 1268 n.9 (10th Cir. 2017).

In *Taylor v. United States*, the Supreme Court established the "formal categorical approach" to resolve the conflict among the appellate courts

regarding the definition of a violent felony – in this case, burglary – as it applied to the sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). 495 U.S. 575, 579–80 (1990). The core of the conflict was that there was no single, accepted definition of the word "burglary" by state courts, and it was not apparent if Congress intended the definition to be restricted to the state's definition or "some uniform definition" (whether that be a common-law definition, or a broader generic definition derived from the Model Penal Code) that would be applicable to all cases. *Id.* at 580.

After reviewing the text and history of § 924(e), the Court determined that the crime of burglary "must have some uniform definition independent of the labels employed by the various States' criminal codes." *Id.* at 592. The Court concluded Congress "meant by 'burglary' the generic sense in which the term is now used in the criminal codes of most States." *Id.* at 598. There remained the question whether, when state law defined burglary more broadly than the generic definition, a court could look to the particular facts of a defendant's conviction to see whether he or she had, in fact, been convicted of generic burglary. In creating the categorical approach, the Court resolved this question by instructing sentencing courts to look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Id.* at 600. Following *Taylor*, the

8

Supreme Court explained again that courts must consider "statutory elements, charging documents, and jury instructions to determine whether an earlier conviction after trial was for generic burglary." *Shepard v. United States*, 544 U.S. 13, 16 (2005); *see also United States v. Titties*, 852 F.3d 1257, 1265 (10th Cir. 2017).

In *Shepard*, the Court further held that the district court could not look at "police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary." *Shepard*, 544 U.S. at 16. Indeed, the Court narrowed the scope of examination to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* At bottom, "if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form. The key, [the Court] emphasized, is elements, not facts." *Descamps v. United States*, 570 U.S. 254, 261 (2013).

The Supreme Court later promulgated the modified categorical approach for "divisible statutes" where the statute "sets out one or more elements of the offense in the alternative." *Id.* at 257. When the modified categorical approach is used, it establishes the relevant elements for the

comparison under the categorical approach and "allows a court to peer around the statute of conviction and examine certain record documents underlying the defendant's prior offense, but this is done only for a limited purpose," such as to determine which elements of a divisible statute were used to convict the defendant. *Titties*, 852 F.3d at 1266.

As previously noted, the categorical approach has been applied almost exclusively to evaluate past criminal convictions and their implication for sentencing enhancement or deportation. *See Moncrieffe*, 569 U.S. at 191 (noting that the "categorical approach has a long pedigree in our Nation's immigration law" and its use in post-conviction deportation analysis); *United States v. Davis*, 588 U.S. 445, 461, 470 (2019) (using the categorical approach to determine if a prior conviction qualified as a "crime of violence" under 18 U.S.C. § 924(c) and holding that the residual clause definition of violent felony was unconstitutionally vague). With this brief history in mind, we now turn to whether the § 3283 extended statute of limitations applies to Tso's case.

## B

The district court examined § 3283's text, context, and legislative history to determine that the categorical approach should not be used and, under the facts of the case charged against Tso, the § 3283 extended statute

10

of limitations applied. We analyze these same factors de novo. *Davis*, 588 U.S. at 455.

We first examine the language of § 3283 to determine whether a case-specific or categorical approach is used to determine whether the case involves the sexual abuse of a child. The statute states: "[n]o statute of limitations that would otherwise preclude prosecution for an offense *involving the* sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child, or for ten years after the offense, whichever is longer." 18 U.S.C. § 3283 (emphasis added).

Tso argues that the statute's use of the term "involve" or "involving" mandates the use of the categorical approach and that "the offense in question must 'necessarily entail' that conduct." Op. Br. at 12. Ergo, using the categorical approach, Tso's charged offense does not involve or necessarily entail the sexual abuse of a minor – thus, § 3283's extended statute of limitations cannot apply to the charge against him. *Id.* at 14–15.

The language "involving" certainly could be consistent with the use of the categorical approach. After all, to determine whether the § 3283 statute of limitations applies, a court must consider whether the charged offense is one that is "involving the sexual or physical abuse, or kidnaping, of a child." On its face, it is a plausible argument that a court would look solely to the

11

elements and statutory definitions of the charged offense to reach this finding, which is consistent with the categorical approach.

That said, the Supreme Court has never announced that a statute using the word "involving" or "involve" always requires the application of the categorical approach (and especially not in this context). And this court has rejected the argument that the word "involving" requires the categorical approach when determining whether a criminal defendant is "accused of a sexual assault" to allow for the admission of certain evidence under Federal Rule of Evidence 413. *United States v. Clay*, 145 F.4th 1181 (10th Cir. 2025).

Tso relies primarily upon two cases to support his argument: *Kawashima v. Holder*, 565 U.S. 478 (2012) and *Shular v. United States*, 589 U.S. 154 (2020). These cases, however, ultimately fail to convince us that the phrase "involve" or "involving" mandates the use of a categorical approach.

In *Kawashima*, one petitioner had pleaded guilty to willfully making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1), and the spouse pleaded guilty to one count of aiding and assisting in the preparation of a false tax return in violation of 26 U.S.C. § 7206(2). 565 U.S. at 480. On appeal, the petitioners argued that they could not be deported for having committed an aggravated felony because (1) their convictions did not "involv[e] fraud or deceit" as required by the Immigration and

12

Nationality Act, 8 U.S.C. § 1101(a)(43)(M) and (2) "fraud or deceit" were not formal elements of their convictions. *Id.* at 482. The Supreme Court employed the categorical approach, as it has traditionally done in deportation cases, to analyze both petitioners' convictions and determined that both were felonies that involved "deceit". *Id.* at 483–85; *see Moncrieffe*, 569 U.S. at 191. The Court noted that:

> [a]lthough the words "fraud" and "deceit" are absent from the text of § 7206(1) and are not themselves formal elements of the crime, it does not follow that his offense falls outside of Clause (i). The scope of that clause is not limited to offenses that include fraud or deceit as formal elements. Rather, Clause (i) refers more broadly to offenses that "involv[e]" fraud or deceit— meaning offenses with elements that necessarily entail fraudulent or deceitful conduct.

*Kawashima*, 565 U.S. at 483–84.

The Court held that because Mr. Kawashima knowingly and willfully submitted a false tax return and Mrs. Kawashima knowingly and willfully assisted her spouse in the filing of a materially false tax return, their convictions under § 7206(1) and (2) constituted felonies that necessarily entailed deceit and were deportable offenses even though "fraud" and "deceit" were neither listed in the text of the statute nor elements of the crime. *Id.* at 484–85. However, *Kawashima* was a case on familiar ground for the categorical approach because it involved the determination whether a criminal conviction had certain immigration consequences. It says

13

nothing that would require a court to apply the categorical approach to decide whether a charged offense (not proven) necessarily entailed sexual abuse of a minor to trigger § 3283's expanded statute of limitations.

Similarly, Tso's reliance upon *Shular* is unavailing. In *Shular*, the Supreme Court examined the methodology courts use to define a "serious drug offense" as it applies to state offenses and the ACCA, 18 U.S.C. § 924(e). 589 U.S. at 156. In *Shular*, however, neither party contested the use of the categorical approach as the starting point for the analysis (nor would they, as the categorical approach was historically employed in ACCA cases to see if a sentencing enhancement was triggered). *Id.* at 156–57; *see also Taylor*, 495 U.S. at 579–80, 602.

Indeed, Tso concedes that the Supreme Court has only "employed the categorical approach in cases involving [the] ACCA, the Immigration and Nationality Act (INA), and the statutory interpretation of 18 U.S.C. § 924(c)" and that in each circumstance, the courts were utilizing the categorical approach to examine prior convictions. Reply. Br. at 4. Again, we see no mandate that the statutory use of "involve" or "involving" warrants the categorical approach in every circumstance, let alone to conduct an analysis of a charged crime at the pre-trial, pre-conviction stage.

Also, as we consider the plain meaning of "involving" in § 3283, we find the word "offense" immediately precedes the word "involving" in the

statute. *United States v. Ansberry*, 976 F.3d 1108, 1126 (10th Cir. 2020) ("The plainness of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." (internal quotation marks omitted)). "In ordinary speech," the word "offense" could refer to a "generic crime" "or it can refer to 'the specific acts in which an offender engaged on a specific occasion.'" *Davis*, 588 U.S. at 456 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 33-34 (2009)). Construing "offense" to refer to a generic crime may favor the categorical approach, while examining the offender's specific acts may point to a factual approach.

Given the multiple potential meanings of the word "offense" in this statutory language and the absence of Supreme Court precedent that requires that we read this language as Tso suggests we must, we simply cannot conclude that statute's use of "offense involving the" language is so clear that we can resolve this inquiry purely on a textual basis. We then must look to "the legislative history" and consider the "practical difficulties and potential unfairness of a factual approach" in applying this statute. *Taylor*, 495 U.S. at 601.

There is a clear legislative trend to expand the statute of limitations to prosecute child sex crimes. Congress "has made several modifications to th[e] charging period [in § 3282(a)] for sexual offenses against minors" and

15

expanded the charging period with each modification, ultimately creating an unlimited statute of limitations for certain offenses. *Piette*, 45 F.4th at 1159. The following chart illustrates this trend:

| Act | Year | Code | Charging Period |
|---|---|---|---|
| Victims of Child Abuse Act | 1990 | § 3509(k) | Until the child turned twenty-five. |
| Violent Crime Control and Law Enforcement Act | 1994 | § 3283 | Until the child turned twenty-five (recodification). |
| Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today (PROTECT) Act | 2003 | § 3283 | The life of the child. |
| Violence Against Women and Department of Justice Reauthorization Act | 2006 | § 3283 | The life of the child or ten years after the offense (whichever is longer). |
| Adam Walsh Child Protection and Safety Act | 2006 | § 3299 | Any time. |

*Id.*

Congress has clearly intended to sweep up more conduct and to prosecute more cases with child victims. *See United States v. Dodge*, 597 F.3d 1347, 1355 (11th Cir. 2010) (noting that the use of expansive

16

statutory language evinces the Legislature's intent to "cast a wide net to ensnare as many offenses against children as possible.") Indeed, "§ 3283 has no . . . restrictive language or legislative history suggesting congressional intent to limit its application to a specific subset of circumstances." *United States v. Schneider*, 801 F.3d 186, 196 (3d Cir. 2015). Tso does not point this Court to anything within the legislative history that demonstrates that Congress favored using the categorical approach or that such an approach would even be applicable to pre-conviction issues. *See Weingarten v. United States*, 865 F.3d 48, 59 (2d Cir. 2017) ("Even if the categorical approach does apply outside of the sentencing and immigration contexts, it was and is not clear that § 3283 calls for it.").

As for the practical difficulties and potential unfairness, Tso argues that using a case-specific analysis rather than the categorical approach will create "serious practical difficulties and result[] in potential unfairness because the expanded statute of limitations would apply to any federal statute so long as the Government alleged a form of abuse against a minor, whether the abuse was perpetrated by the defendant or not." Reply Br. at 6. During oral argument, Tso argued that using a case-specific approach would "open[] the floodgates for the Government to charge any crime so long as somewhere in the factual allegation – whether it was an element of the offense or not – involved the sexual abuse, physical abuse, or kidnapping of

a child." Oral Arg. at 01:53–02:09. Tso expanded the argument to include a hypothetical where the Government could sweep in state crimes against children because they occurred on a special maritime or territorial jurisdiction. *Id.* at 2:10-3:26. We are not convinced by practical difficulties or by the "floodgates" argument and hypotheticals of potential prosecutorial overreach.

The practical difficulties that resulted in the categorial approach in *Taylor* are absent here. As *Taylor* explained, when examining whether "the defendant's actual conduct would fit the generic definition of burglary, the trial court would have to determine what the conduct was." 495 U.S. at 601. In some cases, "only the . . . actual proof at trial would indicate whether the defendant's conduct constituted generic burglary." *Id.* The use of the categorical approach to examine prior criminal convictions "preclude[s] the relitigation of past convictions in minitrials conducted long after the fact." *Moncrieffe*, 569 U.S. at 200-01.

But faced with a statute of limitations challenge pretrial, a court can more easily use a case-specific approach to understand the nature of the charge against the defendant, through the language of the charge, the elements of the charged offense, and any facts or evidence submitted by the parties as part of the pretrial litigation. Which is to say, practical concerns

18

do not mandate or favor the use of the categorical approach in a statute of limitations challenge.

We hesitate – and with good reason – to expand the use of the categorical approach to the pre-trial, pre-conviction stage. In *Davis*, the Supreme Court voided the residual clause defining a violent felony under 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague, as there was no reliable way to determine under that definition which offenses qualified as crimes of violence. 588 U.S. at 448. The dicta in *Davis* counsels against the use of the categorical approach in the context of pre-conviction issues. *Id.* at 454. The Supreme Court observed:

> By contrast, a § 924(c) prosecution focuses on the conduct with which the defendant is *currently charged*. The government already has to prove to a jury that the defendant committed all the acts necessary to punish him for the underlying crime of violence or drug trafficking crime. So it wouldn't be that difficult to ask the jury to make an additional finding about whether the defendant's conduct also created a substantial risk that force would be used.

*Id.* at 454. Conversely, requiring a judge, not a jury, to make findings of fact "about that underlying conduct would [raise] serious Sixth Amendment concerns," *id.*, if it went "beyond merely identifying a prior conviction." *Descamps*, 570 U.S. at 269.

It is uncertain and likely unknowable to what extent Tso's "floodgates" argument raises a valid concern. But regarding fairness, a

19

counterargument in the government's favor is the unfairness that would result from applying the categorical approach to strike down a prosecution as time-barred against a defendant who is alleged to have sexually abused a child, given some of the challenges that may arise from children bringing forth allegations of sexual abuse and for authorities to evaluate the merits of these types of allegations. Given the uncertainties on the arguments for both sides, we decline to rely upon a fairness argument to guide our decision.

Finally, in rejecting Tso's argument that the term "involving" triggers the application of the categorical approach, rather than a fact-specific analysis, we also join every circuit court that has to date considered this same question. *Weingarten*, 865 F.3d at 58–59 (holding that the categorical approach did not apply and affirming the denial of the defendant's habeas petition under 28 U.S.C. § 2255 for transportation of a minor in foreign commerce for purpose of engaging in criminal sexual activity); *see also United States v. Maxwell*, 118 F.4th 256, 265–66 (2d Cir. 2024) ("In *Weingarten*, we explained that Congress intended courts to apply § 3283 using a case-specific approach as opposed to a 'categorical approach.' We see no reason to depart from our reasoning in *Weingarten*." (footnote omitted)), *petition for cert. filed*, (U.S. Apr. 14, 2025) (No. 24-1073); *Schneider*, 801 F.3d at 196 (holding that a violation of § 2423(b) for "travel[ing] in

foreign commerce . . . for the purpose of engaging in any sexual act . . . with a person under 18 years of age that would be in violation of chapter 109A, . . . involves the sexual abuse of a person under age 18."). Finding ourselves in good company with the Second and Third Circuits, we take comfort that Tso's argument is not on solid footing.

* * *

We decline Tso's invitation to require the application of the categorical approach to resolve his statute of limitations challenge in his favor. Rather, a case-specific approach must be applied to a § 3283 challenge, with a focus on the charge(s) brought against the defendant. Jane Doe was under the age of 18 when Tso sexually abused her. Tso was charged with an offense that squarely falls within § 3283's statute of limitations. Accordingly, the district court was correct to deny Tso's motion to dismiss the superseding indictment.

AFFIRMED.