FILED
United States Court of Appeals
Tenth Circuit

February 2, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEVI WAYNE MASSMANN, a/k/a
Levi W. Massman,

Defendant - Appellant.

Nos. 20-8056 & 20-8057
(D.C. Nos. 1:20-CR-00033-SWS-1;
2:13-CR-00225-SWS-2)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MORITZ, SEYMOUR,** and **EBEL,** Circuit Judges.

---

In September of 2020, Levi Massmann's supervised release was revoked for the

second time and he was sentenced to eighteen months in prison followed by twelve

months of supervised release. On the same day, Mr. Massmann was sentenced to seventy

months in prison for being a felon in possession in a related case. The district court

imposed the seventy-month sentence after applying an enhanced base offense level under

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir.
R. 32.1.

U.S.S.G. § 2K2.1(a)(4)(A) based on a 2011 Wyoming conviction for delivery of marijuana. On appeal, Mr. Massmann argues, and the government concedes, that the district court plainly erred in imposing a revocation sentence that exceeded its authority under 18 U.S.C. § 3583(h). Mr. Massmann also argues that the district court plainly erred in applying § 2K2.1(a)(4)(A) because his 2011 conviction is not a "controlled substance offense" under the sentencing guidelines.

We hold that the district court's revocation sentence included a term of supervised release four months longer than the term authorized by statute. We also hold that Mr. Massmann failed to show plain error in the district court's application of § 2K2.1. Therefore, we vacate Mr. Massmann's revocation sentence and remand for resentencing but affirm his felon in possession sentence.

### Background

In 2014, Mr. Massmann was sentenced in federal court to sixty months' imprisonment followed by thirty-six months of supervised release for conspiracy to possess stolen firearms. He began his first term of supervised release in 2017. His release was revoked in 2018, and he was sentenced to ten months' imprisonment followed by twenty-six months of supervised release. In 2019, Mr. Massmann began his second term of supervised release. On September 24, 2020, his release was once again revoked and he was sentenced to eighteen months' imprisonment followed by twelve months of supervised release.

On September 24, 2020, Mr. Massmann was also sentenced in a related case to seventy months' imprisonment followed by thirty-six months of supervised release for

being a felon in possession. At sentencing, Mr. Massmann's base offense level was increased to 20 under § 2K2.1(a)(4)(A) for having a prior felony conviction of a "controlled substance offense." This enhancement was predicated on a 2011 Wyoming state conviction for delivery of marijuana.

Mr. Massmann did not object to either sentence in district court, but he has appealed both.

## Standard of Review

We typically review the procedural reasonableness of a sentence for abuse of discretion. *United States v. Mendoza*, 543 F.3d 1186, 1190 (10th Cir. 2008). However, we review for plain error where, as here, the issue was not preserved below. *Id.* "To satisfy the plain error standard, a defendant must show that (1) the district court erred; (2) the error was plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Sabillon-Umana*, 772 F.3d 1328, 1333 (10th Cir. 2014). "An error is plain if it is 'clear or obvious at the time of the appeal.'" *United States v. Koch*, 978 F.3d 719, 726 (10th Cir. 2020) (quoting *United States v. Salas*, 889 F.3d 681, 686–87 (10th Cir. 2018)).

An illegal sentence exceeding the statutory maximum is per se reversible, even under plain error review. *United States v. Titties*, 852 F.3d 1257, 1264 (10th Cir. 2017).

## Discussion

### A. Mr. Massmann's Revocation Sentence

When a defendant's supervised release is revoked, the sentencing court may impose a new term of supervised release not to "exceed the term of supervised release

3

authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). A court imposing such a term of supervised release "must aggregate and give a defendant credit for all terms of imprisonment imposed upon a revocation." *United States v. Porter*, 905 F.3d 1175, 1181 (10th Cir. 2018).

The government concedes that the district court committed plain error by sentencing Mr. Massmann to twelve months of supervised release. Conspiracy to possess stolen firearms is a Class D felony,[1] *see* 18 U.S.C. §§ 371, 3559(a)(4), subject to a three-year maximum term of supervised release, § 3583(b)(2). Because Mr. Massmann was sentenced to a total of twenty-eight months' imprisonment for violations of supervised release relating to the conspiracy offense, the district court was permitted to sentence him to a maximum of eight months of supervised release. By sentencing him to a twelve-month term of supervised release, the district court imposed an illegal sentence that must be vacated.

The parties agree that the district court can cure this error by reducing either Mr. Massmann's term of imprisonment or his term of supervised release. We take no position on how the district court should reduce Mr. Massmann's revocation sentence on remand.

---

[1] The government erroneously asserts the offense is a Class C felony. This error is immaterial for our purposes because Class C and D felonies carry the same maximum terms of supervised release. *See* § 3583(b)(2).

### B. Application of § 2K2.1

On appeal, Mr. Massmann contends the base offense level for his felon in possession offense was improperly increased under § 2K2.1(a)(4)(A) because his 2011 conviction for delivery of marijuana is not a "controlled substance offense" as defined by U.S.S.G. § 4B1.2(b).[2]  At the time of his Wyoming conviction, marijuana in all forms, including hemp, was a controlled substance under both state and federal law.  However, Mr. Massmann argues that the state offense does not fit the guideline definition because hemp was excluded from the state and federal drug schedules by the time of the instant felon in possession offense.[3]  This argument relies on the premise that only offenses involving substances that are controlled at the time of federal sentencing, rather than at the time of the state conviction, qualify as controlled substance offenses under the guidelines.  For the reasons we recently articulated in *United States v. Harbin*, 56 F.4th 843 (10th Cir. 2022), we hold that Mr. Massmann has failed to show plain error.

In *Harbin*, we reviewed the district court's application of the career-offender enhancement under U.S.S.G. § 4B1.1 for plain error.  *Id.* at 845.  The career offender

---

[2] Under § 4B1.2(b), a controlled substance offense is:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

[3] Mr. Massmann also argues that an offense involving hemp could not be a controlled substance offense because only drugs that are "behavior-altering" or "addictive" are controlled substances.  However, Mr. Massmann has failed to identify authority making any such requirement clear or obvious.

enhancement applies if, in relevant part, the defendant has two prior felony convictions for crimes of violence or controlled substance offenses as defined by § 4B1.2(b). *Id.* at 844–45. Similar to Mr. Massmann, the defendant in *Harbin* argued that his 2014 Wyoming conviction for possession of marijuana with intent to deliver was not a controlled substance offense because Wyoming had excluded hemp from its drug schedules in the time between his state conviction and federal sentencing. *Id.* at 846. This argument relied on defining "controlled substance offense" based on current state drug schedules rather than the schedules in effect at the time of the state conviction. *See id.* at 848.

We rejected the defendant's argument that our decision in *United States v. Williams*, 48 F.4th 1125 (10th Cir. 2022), resolved the issue, *Harbin*, 56 F.4th at 849–50, and noted that "the only published opinions to consider this specific issue have rejected the [defendant's] position," *id.* at 851. We also explained that the Supreme Court's decision in *McNeill v. United States*, 563 U.S. 816 (2011), "seems to undermine [his] position," *Harbin*, 56 F.4th at 851. Thus, we held that any error in applying the career-offender enhancement was not clear or obvious and affirmed the sentence. *Id.*

Here, we similarly conclude that any error in applying § 2K2.1(a)(4)(A) was not plain. Because Mr. Massmann's argument fails on the second prong of the plain error test, we do not address the other prongs.

## Conclusion

In sum, we hold that the district court plainly erred and imposed an illegal sentence by sentencing Mr. Massmann to a longer term of supervised release than

6

permitted by § 3583(h).  However, we hold that the court did not plainly err in applying

§ 2K2.1(a)(4)(A).  Accordingly, we vacate Mr. Massmann's revocation sentence and

remand for resentencing.  But we affirm Mr. Massmann's felon in possession sentence.


Entered for the Court


Stephanie K. Seymour
Circuit Judge