**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

—————————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CODY PAUL MILLER,

    Defendant - Appellant.

No. 24-5108
(D.C. No. 4:23-CR-00241-SJM-1)
(N.D. Okla.)

—————————————————————

**ORDER AND JUDGMENT**[*]

—————————————————————

Before **HOLMES**, Chief Judge, **BACHARACH**, and **MORITZ**, Circuit Judges.

—————————————————————

Defendant-Appellant Cody Paul Miller seeks to have his conviction for Sexual Abuse of an Incapable Victim in violation of 18 U.S.C. § 2242(2) vacated because he contends that the district court gave an impermissibly coercive *Allen* charge[1] to the jury which violated his Fifth Amendment due process rights and Sixth Amendment

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    "An *Allen* instruction is, in effect, a charge given by a trial court that encourages the jury to reach a unanimous verdict so as to avoid a mistrial." *United States v. McElhiney*, 275 F.3d 928, 935 (10th Cir. 2001).

right to an impartial jury and unanimous verdict.  Because he did not object to the

*Allen* charge in the district court, Mr. Miller requests that we review for plain error.

But Mr. Miller concedes he cannot satisfy the second prong of the plain-error

standard, i.e., show that the error is clear or obvious.  We accept and agree with that

concession and affirm the district court's judgment.

## I

A grand jury indicted Mr. Miller for Sexual Abuse of an Incapable Victim in

violation of 18 U.S.C. § 2242(2) and Sexual Abuse of a Person Without Consent in

violation of 18 U.S.C. § 2242(3).[2]  The case went to trial.  After the government and

defense rested, the district court instructed the jury.  As part of these instructions, the

district court made the following statement:

> Each of you must decide the case for yourself, but only after an
> impartial consideration of the evidence with your fellow jurors.
> During your deliberations, don't hesitate to re-examine your own
> opinions, and change your mind if you are convinced that you are
> wrong.  But don't give up your honest beliefs solely because of the
> opinion of your fellow jurors, or for the mere purpose of returning a
> verdict.

R., Vol. VI, at 391–92 (Trial Tr., dated Jan. 18, 2024).

The jury was released for deliberations at 2:35 p.m. on the second day of trial.

The jury continued deliberating until 5:15 p.m.  The next day, the third day of trial,

the jury resumed deliberations at 8:15 a.m.  At 9:45 a.m., the foreperson sent a note

---

[2]    Mr. Miller was also indicted for Aggravated Sexual Abuse by Force and
Threat in Indian Country in violation of 18 U.S.C. §§ 1151, 1153 and 2241(a).
However, the government dismissed that charge.

to the district judge that stated: "We are clear on one count, but having a strong division on the other.  What are the options?"  R., Vol. VI, at 402–03 (Trial Tr., dated Jan. 19, 2024).  The district court relayed this information to the parties and stated, "I have the Tenth Circuit pattern modified *Allen* instruction in front of me.  My instinct is to bring them in, and to read this to them, and to let them deliberate a little . . . longer to see if they can come to unanimous agreement on both counts."  *Id.* at 403.  Neither party objected.

The district court thereafter summoned the jury and then read almost verbatim the Tenth Circuit's Pattern Criminal Instruction 1.42—the modified *Allen* instruction—stating:

> I'm going to ask you to return to the jury room and deliberate further. I realize that you are having some difficulty reaching a unanimous agreement, but as I said, that's not unusual.  Sometimes after further discussion, jurors are able to work out their differences and to agree.
>
> As you know, this is a very important case.  If you should fail to agree upon a verdict, the case is left open and must be tried again.  Another trial would require the parties to make another large investment of time and effort, and there's no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried here before you.
>
> You are reminded that the Defendant is presumed innocent, and that the Government -- not the Defendant -- has the burden of proof, and that it must prove the Defendant guilty beyond a reasonable doubt. Those of you who believe the Government has proved the Defendant guilty beyond a reasonable doubt should ask yourself if the evidence is really convincing enough, given that other members of the jury are not convinced.  And those of you who believe the Government has not proved the Defendant guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury do not share your doubt.  In short, every individual juror should reconsider his or her views.

It's your duty, as jurors, to consult with one another, and to deliberate with a view toward reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and to change your opinions if you are convinced it's erroneous. But don't surrender your honest conviction as to the weight of, or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

What I've just said is not meant to rush or pressure you into agreeing on a verdict. Take as much time [as] you need to discuss things. There's no hurry whatsoever.

I'll ask you now to retire once again, and continue in your deliberations with these additional comments in mind to be applied. Of course, that's in conjunction with all of the other instructions I have previously given to you.

*Id.* at 404–05; *see also* Pattern Crim. Jury Instr. 10th Cir. 1.42 (2026). The jury resumed deliberations around 10:30 a.m. and continued until 1:45 p.m. when it notified the district court that it had reached a verdict. The jury returned a verdict of "guilty" on the Sexual Abuse of an Incapable Victim charge and "not guilty" on the Sexual Abuse of a Person Without Consent charge.

The district court sentenced Mr. Miller to 138 months of imprisonment and entered judgment. Mr. Miller appealed.

## II

"We review the district court's management and decisions about jury deliberations for abuse of discretion. This includes whether to poll the jury *sua sponte*, to declare a mistrial or direct the jury to continue to deliberate, to investigate potential problems with jury deliberations, and to deliver an *Allen* instruction

4

encouraging the jury to try to reach unanimity." *United States v. Coulter*, 57 F.4th 1168, 1189 (10th Cir. 2023).

"A party seeking relief under the plain-error rubric bears the burden of showing '(1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights.'" *United States v. Finnesy*, 953 F.3d 675, 684 (10th Cir. 2020) (quoting *United States v. McGehee*, 672 F.3d 860, 876 (10th Cir. 2012)). "If he satisfies these criteria, this Court *may* exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Rosales-Miranda*, 755 F.3d 1253, 1258 (10th Cir. 2014) (quoting *McGehee*, 672 F.3d at 876). "We will not reverse a conviction for plain error unless all four prongs of the plain-error test are satisfied." *Id.* (quoting *United States v. Caraway*, 534 F.3d 1290, 1299 (10th Cir. 2008)).

## A

Mr. Miller argues that "[t]he district court plainly erred in the *Allen* charge it gave in response to the jury's note that it was strongly divided." Aplts. Opening Br. at 21. He argues that he can satisfy each of plain-error's requirements "except the second one, namely that the error be plain." *Id.* at 22. On this point, he concedes that "[t]here is no other case from this court or the Supreme Court that has yet established the plainness of the error raised here."[3] Mot. to Vacate Oral Arg. at 2;

---

[3] In his Opening Brief, Mr. Miller explained that

Neither this court nor the Supreme Court has held that the language in the *Allen* charge on which his claim is based is coercive. But

*see also* Aplt.'s Reply Br. at 1 ("[T]here is still no decision by this court or the Supreme Court that shows the challenged language to be plainly in error.").

Nonetheless, Mr. Miller contends the district court erred in giving the *Allen* charge because "[t]elling the jurors the case would have to be retried, at great expense and inconvenience, could only have sent the message that it was their civic duty to return a verdict." Aplt.'s Opening Br. at 23.

Mr. Miller maintains that because the district court initially "advised the jurors that they had a duty to 'decide the case for yoursel[ves],' while trying to reach agreement if they could," the subsequent *Allen* charge after they reached an impasse "was, in light of that earlier instruction, even more coercive." *Id.* at 28 (alteration in original) (quoting R., Vol. VI at 391–92). And, according to Mr. Miller, "that there was more than three hours of deliberations after the *Allen* charge does not say very much, if anything." *Id.* at 34.

The government argues we should affirm the district court's judgment because "[t]his Court has repeatedly approved the language in the pattern *Allen* instruction,

---

this court has before it a case -- *United States v. Spradley*, No. 23-3222 (10th Cir.) -- that has already been argued and that raises the coercive nature of this language. The decision in *Spradley* may establish the plainness of the error raised here, as plainness is assessed as of the time of appeal.

Aplt.'s Opening Br. at 22. But in his Motion to Vacate Oral Argument and Submit the Case on the Briefs, which the government joined, Mr. Miller conceded that *United States v. Spradley*, 146 F.4th 949 (10th Cir. 2025) has since been decided, and it did not establish the plainness of the error raised here.

holding that it is not unduly coercive." Aplee.'s Resp. Br. at 3. It states that, under plain-error review, there was no error because the language of the instruction, timing of the instruction, and length of subsequent deliberations all show that the *Allen* instruction was not coercive. It also notes that Mr. Miller "concedes that he cannot show that any error was plain," and "[l]ack of plainness is fatal to [Mr.] Miller's appeal." *Id.*

**B**

"Pursuant to the Sixth Amendment, '[e]very defendant in a federal criminal case has the right to have his guilt found, if found at all, only by the unanimous verdict of a jury of his peers.'" *United States v. McElhiney*, 275 F.3d 928, 935 (10th Cir. 2001) (quoting *United States v. Thomas,* 449 F.2d 1177, 1181 (D.C. Cir. 1971)). "An *Allen* instruction is, in effect, a charge given by a trial court that encourages the jury to reach a unanimous verdict so as to avoid a mistrial." *Id.* "An *Allen* charge derives its name from the supplemental jury instruction approved by the Supreme Court in *Allen v. United States,* 164 U.S. 492, 501–02 (1896)." *United States v. Arney*, 248 F.3d 984, 987 (10th Cir. 2001). "Today, most *Allen* instructions are given as supplemental charges to deadlocked juries, just as in *Allen* itself." *McElhiney*, 275 F.3d at 936.

"A district court must not deliver an 'improperly coercive' *Allen* instruction." *Coulter*, 57 F.4th at 1192 (quoting *United States v. Cornelius*, 696 F.3d 1307, 1321 (10th Cir. 2012)). "With respect to the coerciveness of the charge actually given, this circuit has adopted a case-by-case approach . . . ." *McElhiney*, 275 F.3d at 940. "In

7

considering whether an *Allen* instruction was improperly coercive, we consider

'(1) the language of the instruction, (2) whether the instruction is presented with

other instructions, (3) the timing of the instruction, and (4) the length of the jury's

subsequent deliberations.'" *Cornelius*, 696 F.3d at 1321 (quoting *United States v.*

*LaVallee*, 439 F.3d 670, 689 (10th Cir. 2006)).

C

Mr. Miller concedes that he cannot establish the second prong of plain-error

review. Although we are not required to accept a party's legal concession, we do so

here. *See Leachco, Inc. v. Consumer Prod. Safety Comm'n*, 103 F.4th 748, 754 n.4

(10th Cir. 2024) ("[T]his court is not bound to accept a party's concession on issues

of law—especially when doing so would require accepting an erroneous statement or

application of law."), *cert. denied*, 145 S. Ct. 1047 (2025); *United States v. Cooper*,

654 F.3d 1104, 1128 n.12 (10th Cir. 2011) ("[W]e are not bound by the parties'

concessions . . . ."). After all, Mr. Miller bears the burden of proof as to the second

prong under plain-error review. *See, e.g.*, *Finnesy*, 953 F.3d at 684. In any event, we

also agree with Mr. Miller that the district court did not clearly or obviously err in

issuing its *Allen* charge to the jury.

Under the second prong of plain-error review, "[t]o be obvious, an error must

be 'contrary to well-settled law.'" *United States v. Koch*, 978 F.3d 719, 726 (10th

Cir. 2020) (quoting *United States v. Salas*, 889 F.3d 681, 687 (10th Cir. 2018)).

"Ordinarily, we look to see if 'the Supreme Court or this court [has] addressed the

issue,' concluding that the error is clear or obvious if it is contrary to a decision

8

addressing the issue in either controlling forum." *United States v. Berryhill*, 140 F.4th 1287, 1302 n.3 (10th Cir. 2025) (alteration in original) (quoting *Finnesy*, 953 F.3d at 684).  Here, the parties agree there is no such decision—as do we.

To the contrary, we previously have approved of similar *Allen* instructional language.  *See Gilbert v. Mullin*, 302 F.3d 1166, 1172 (10th Cir. 2002) (rejecting a challenge to an *Allen* charge that stated: "You have deliberated, I believe, over six hours.  You report to me that you are experiencing difficulty in arriving at a verdict.  This is an important case and a serious matter to all concerned.  You are the exclusive judges of the facts, the Court is the judge of the law.  Now, I most respectfully and earnestly request of you that you return to your jury room and resume your deliberations.  Further open and frank discussion of the evidence and the law submitted to you in this case may aid you in arriving at a verdict.").  And a panel of this Court in an unpublished decision has explicitly validated the pattern *Allen* instructional language that the district court used almost verbatim here.  *See United States v. Rivera*, 554 F. App'x 735, 738, 742 (10th Cir. 2014) (holding that "the district court did not abuse its discretion when it gave" "the *Allen* instruction found in the Tenth Circuit pattern jury instructions").[4]

---

[4]    "We deem the reasoning of the unpublished decisions cited herein to be persuasive and instructive.  We do not accord them controlling weight and recognize that they are not binding on us." *United States v. Ellis*, 23 F.4th 1228, 1238 n.6 (10th Cir. 2022).

The language that the district court used in its *Allen* charge is not plainly (i.e., clearly or obviously) erroneous.  Mr. Miller therefore cannot satisfy the second prong of plain-error review.  This is fatal to his appeal.  *See, e.g.*, *Rosales-Miranda*, 755 F.3d at 1258.

## III

For these reasons, we **AFFIRM** the district court's judgment.


Entered for the Court


Jerome A. Holmes
Chief Judge